IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO DELGADILLO,   )<br>                                                  )<br>        Plaintiffs,                )<br>   v.                                        )<br>                                                  )<br>JAMES McKAONE ENTERPRISES,  )<br>INC. dba Clawson Honda of Fresno, )<br>                                                  )<br>        Defendants\.             )<br>_____)  | 1:12-CV-1149  AWI MJS<br><br>ORDER VACATING<br>HEARING, ORDER<br>COMPELLING<br>ARBITRATION, AND ORDER<br>CLOSING CASE |

    This is an employment dispute between Plaintiff Francisco Delgadillo and his former employer, James McKaone Enterprises, Inc. ("JME").  This case was removed from the Fresno County Superior Court.  Currently pending before the Court is JME's motion to compel arbitration and motion to strike.  Hearing on this matter is set for September 14, 2012.  Pursuant to Local Rule 230(c), Delgadillo was required to file either an opposition or a notice of non-opposition no later than August 31, 2012.  Plaintiff failed to do so, but did file an untimely response on September 10, 2012.  Due to Plaintiff's failure to file a timely opposition or notice of non-opposition, he is in violation of the Local Rules and is not entitled to be heard at oral argument in opposition to JME's motion.  See Local Rule 230(c).  The Court has reviewed Defendants's motion and the applicable law, and has determined that the motion is suitable for decision without oral argument.  See  Local Rule 230(h).  The Court will vacate the hearing and issue this order, which resolves the pending motion.

    *Background*

    Delgadillo alleges violations of California and federal labor regulations and laws.  He also brings claims under California Labor Code § 2698, the Private Attorney General Act ("PAGA"), on behalf of himself and other current or former employees of JME.

    The employment contract between Delgadillo and JME contains the following clause:

> . . . I and [JME] both agree that any claim, dispute, and/or controversy that either party may have against one another . . . which would otherwise require or allow resort to any court or other governmental dispute resolution forum . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with [JME] whether based on tort, contract, statutory, or equitable law, or otherwise . . . shall be submitted to and determined exclusively by binding arbitration . . . . I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act . . . .

Freed Dec. Ex. A.

### *Defendant's Motion*

JME moves the Court to compel arbitration pursuant to the arbitration clause of the employment contract. JME contends that the clause is valid, enforceable, and encompasses each of the causes of action in the complaint. JME also requests that the Court strike all allegations in the complaint that indicate that Delgadillo is proceeding in a representative capacity under the PAGA in light of recent cases such as *AT&T Mobility, LLC v. Conception*, 131 S.Ct. 1740 (2011), *Kilgore v. Keybank National Ass'n*, 673 F.3d 947 (2012), and *Kinecta Alternative Financial Solutions, Inc. v. Superior Court*, 205 Cal.App.4th 506, 509 (2012). Finally, JME urges the Court to dismiss this case, or alternatively impose a stay pending arbitration.

### *Defendant's Reply*

JME has filed a reply that points out that Plaintiff has filed no opposition. However, JME has also filed a declaration from its counsel. Defense counsel states that he received a fax from Plaintiff's counsel. The body of the letter from Plaintiff's counsel reads: "Our client has agreed to Stipulation [sic] to the Mandatory Arbitration. Please take this matter off calendar." Reese Dec. Ex. A. Defense counsel declares that he replied to the fax by suggesting that Delgadillo agree to the proposed order that JME submitted along with its motion to compel. See id. However, Plaintiff's counsel never responded. See id.

### *Plaintiff's Response*

On September 10, 2012, following the filing of JME's reply, Delgadillo filed a response to JME's motion. The response states "Plaintiff is not opposed to Mandatory Arbitration." See Doc. No. 10. Also, a declaration attached to the response from Delgadillo's counsel requests that JME's motion be taken off calendar. See id.

2

*Legal Standard*

Under the Federal Arbitration Act ("FAA"), written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4; Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); Chiron, 207 F.3d at 1130. The FAA reflects a "liberal federal policy favoring arbitration agreements . . . [and] any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

*Discussion*

With respect to the request to strike Delgadillo's representative PAGA claims, Delgadillo has failed to oppose any aspect of JME's request to strike or to distinguish the cases cited by JME, particularly the analogous case of *Kinecta*. Instead, Deldgadillo filed the September 10 response, which simply states that he does not oppose arbitration. The failure to address any aspect of JME's request to strike and to defend the representative PAGA claims is tantamount to conceding to JME's request to strike the representative PAGA claims. See Silva v. U.S. Bancorp., 2011 U.S. Dist. LEXIS 153817, *8 (C.D. Cal. Oct. 6, 2011); Pagemasters, Inc. v. Autodesk, Inc. 2009 U.S. Dist. LEXIS 26208, *28 (D. Ariz. Mar. 30, 2009); Tatum v. Schwartz, 2007 U.S. Dist. LEXIS 10225, *9 (E.D. Cal. Feb. 2, 2007). Accordingly, the Court will strike Delgadillo's representative PAGA claims.

As for the arbitration clause, the remaining claims alleged in the complaint arise out of

the employment relationship between Delgadillo and JME, and appear to be encompassed by the arbitration clause.  More importantly, Delgadillo's September 10 response states that he is not opposed to Mandatory Arbitration.  Accordingly, the Court will grant JME's motion to compel arbitration.  See Chiron, 207 F.3d at 1130; Marshall v. John Hine Pontiac, 287 F.Supp.2d 1229, 1230, 1234 (S.D. Cal. 2003) (enforcing substantially identical arbitration clause).

Finally, once a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration or to dismiss the case if all of the alleged claims are subject to arbitration.  See Lewis v. UBS Financial Services, Inc., 818 F.Supp.2d 1161, 1165 (N.D. Cal. 2011); Luna v. Kemira Specialty, Inc., 575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).  Here, all remaining claims appear to be subject to binding arbitration.  This case was originally filed in the Fresno County Superior Court, and Delgadillo's participation in this Court has been limited to filing the September 10 response and that response does not address JME's request to dismiss this case.  Cf. Pagemasters, 2009 U.S. Dist. LEXIS 26208 at *28.  Given these considerations, the Court will grant JME's unopposed request to dismiss this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The previously set hearing date of September 14, 2012, is VACATED;
2. Plaintiff's representative PAGA claims are STRICKEN;
3. Defendant's motion to compel arbitration GRANTED;
4. This case is DISMISSED without prejudice to Plaintiff pursuing arbitration of his causes of action, consistent with the employment contract's arbitration clause (Doc. No. 6 at Ex. A); and
5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 11, 2012

CHIEF UNITED STATES DISTRICT JUDGE